United States District Court

Eastern District of California

Kinte M. Graves,

     Petitioner,                    No. Civ. S 05-1349 GEB PAN P

  vs.                              Order

Richard J. Kirkland,

     Respondent.

-oOo-

Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus. See 28 U.S.C. § 2254. Petitioner has paid the filing fee.

A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Petitioner may be entitled to relief.

Petitioner requests appointment of counsel on the grounds he is indigent and lacks legal training and the law is complex.

There is no absolute right to appointment of counsel in habeas proceedings. See <u>Nevius v. Sumner</u>, 105 F.3d 453, 460 (9th Cir. 1996). However, whenever the court determines the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under section 18 U.S.C. § 2254. 18 U.S.C. § 3006A(a)(2)(B). Unless an evidentiary hearing is necessary, the decision to appoint counsel is discretionary. <u>Bashor v. Risley</u>, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984); Rule 8(c), Rules Governing § 2254 Cases.

In deciding whether to appoint counsel the court exercises discretion governed by a number of factors, including the likelihood of success on the merits and the applicant's ability to present his claims in light of their complexity. <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983); see also, <u>LaMere v. Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987). Ordinarily the presumption of regularity in the state's procedures for confining prisoners suggests a lack of likely success and counsels against appointment of counsel. See <u>Maclin v. Freake</u>, 650 F.2d 885, 887 (7th Cir. 1981). As a general rule, the court will not appoint counsel unless the applicant shows his claim has merit in fact and law. <u>Id.</u> Even if the applicant overcomes this hurdle, the court will not appoint counsel if the law is settled and the material facts are within the petitioner's possession, viz., they

do not require investigation outside the prison walls. <u>Id.</u> at 887-88.

Here, petitioner alleges his constitutional rights were violated in connection with sentencing. The law governing these issues is settled. Neither factual development nor legal insight are required because these proceedings are limited to claims that already were identified and presented to the California Supreme Court. There is, on the record before the court, no reason to believe appointment of counsel would be of significant benefit.

Accordingly, the court hereby orders that:

1. Petitioner's July 5, 2005, request for the appointment of counsel therefore is denied.

2. Respondent shall respond to petitioner's application within 60 days from the date of this order. <u>See</u> Rule 4, Fed. R. Governing § 2254 Cases. An answer shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application. <u>See</u> Rule 5, Fed. R. Governing § 2254 Cases. Petitioner's reply, if any, shall be filed and served within 30 days of service of an answer. If the response to petitioner's application is a motion, petitioner's opposition or statement of non-opposition shall be filed and served within 30 days of service of the motion, and respondents' reply, if any, shall be filed within 15 days thereafter. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's June 27, 2005, petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

1 | on Jo Graves, Attorney General for the State of California.
2 |     Dated: July 7, 2005.
3 |                         /s/ Peter A. Nowinski
4 |                         PETER A. NOWINSKI
                        Magistrate Judge